only once, and others a number of times. The testimony of the former secretary-treasurer and editor is to the effect that the manuscripts were not discarded prior to 1918, for the reason that they had a potential value. However, a number of the writings were not used after the first few years of the organization of the taxpayer company. Others were discarded later, and we are of the opinion that those manuscripts became obsolete prior to the year 1918. A deduction may be allowed in 1918 with respect only to those manuscripts which were abandoned or discarded in that year. We believe from the evidence, however, that those manuscripts which the taxpayer had ceased to use prior to 1918 were abandoned and became obsolete prior to that year.

----

### APPEAL OF L. M. AND ANNA R. MAUS.

Docket No. 1322.   Submitted September 21, 1925.   Decided February 3, 1926.

*L. M. Maus* for the taxpayers.
*B. G. Simpich, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

The taxpayers have appealed from the determination of a deficiency in income tax for the year 1922 in the amount of $78.

#### FINDINGS OF FACT.

The taxpayers are husband and wife, living together at Hot Springs, Ark. They filed a joint return for the calendar year 1922. During the year 1922 they were the owners of two houses, one a brick structure, situated on Kalorama Road, Washington, D. C., the other, of frame construction, situated in Frankfort, Ky. These houses are rented by the taxpayers and are among the taxpayers' chief sources of income.

The Kalorama Road house was purchased in 1920 for a consideration of $13,500, and a reasonable allowance for the exhaustion, wear and tear thereof is 2 per cent per annum. Through error the purchase price of this property was reported as $6,000, and depreciation at 2 per cent was allowed on that amount.

The taxpayers made contributions during 1922 to the following corporations and funds operated exclusively for religious purposes, no part of the net earnings of which inured to the benefit of any private stockholder or individual:

| | |
|---|---|
| 1. Southern Presbyterian Church, Frankfort, Ky | $75.00 |
| 2. Northern Presbyterian Church, Frankfort, Ky | 75.00 |
| 3. Presbyterian Church, Rockville, Md | 100.00 |
| 4. Washington Heights Presbyterian Church, Washington, D. C. | 62.00 |
| 5. The Missionary Cause, Emboni, Africa | 50.00 |
| 6. The Missionary Cause, Hankow, China | 20.00 |
| | 382.00 |

During 1922, Maus had two sisters, one a widow aged 81, and the other a spinster aged 71. Both were entirely dependent upon and received their chief support from him, and were incapable of self-support because of physical defects due to age.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF MAXWELL E. BESSELL.

Docket No. 4971.  Submitted October 27, 1925.  Decided February 3, 1926.

A partner is required to return as income only the share of the partnership profits which he is entitled to receive.

*Edward F. Dalton, Esq.,* for the taxpayer.
*Ellis W. Manning, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency of $427.97 income tax for 1919, due to an increase in the amount of income alleged to have been received from the partnership of Bayne, Hine & Co.

### FINDINGS OF FACT.

On January 1, 1918, taxpayer became a partner in the firm of Bayne, Hine & Co. Prior to that date taxpayer had been an employee of a partnership doing business under the same name and consisting of the same individuals who, with taxpayer, formed the new partnership.

The capital originally invested in the preceding partnership had been impaired and it was provided in the partnership agreement that, except for salaries, no profits should be distributed until this impairment of the capital of the other partners had been replaced. Taxpayer had no interest in such capital. It was further agreed

104881—27——40